UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALBERTO VERDE-LLANES, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 17-11894-LTS |
| SUPERINTENDENT ANTONE MONIZ, | ) ) ) | |
| Respondent. | ) ) | |

ORDER

November 20, 2017

SOROKIN, J.

Alberto Verde-Llanes, a Cuban citizen who came to the United States via the Mariel boatlift, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 2, 2017. Doc. No. 1. He challenges his detention by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), asserting his removal is not reasonably foreseeable. Id. In an Order dated October 11, 2017, the Court directed the respondent to "show cause why the Petition should not be granted" and to "inform the Court of (i) the existence of and status of any repatriation agreement between the United States and Cuba; and (ii) the status of Respondent's efforts to repatriate Petitioner to Cuba." Doc. No. 6.

On October 26, 2017, the respondent moved to dismiss the petition, Doc. No. 9, arguing that it is "premature" and "states no legal basis for relief from custody" because "ICE is working to secure Petitioner's removal to Cuba, and his confinement is within the six-month period deemed presumptively reasonable by the Supreme Court," Doc. No. 10 at 1-2. In the respondent's view – based on non-binding decisions rendered by federal courts in other

jurisdictions – individuals like the petitioner may not seek release pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), until they have been in custody for at least six months.[1]

Preliminarily, it bears noting that the First Circuit has not interpreted Zadvydas as creating an irrebuttable presumption that detention for less than six months is lawful (regardless whether the detainee's eventual removal is reasonably foreseeable or even possible); indeed, it has not spoken on this question.[2] As to the specific issues raised by this Court's October 11, 2017 Order, the respondent's motion and supporting documents: 1) include a general declaration by an immigration officer that "ICE has routinely conducted repatriation flights, as needed, to Havana, Cuba to facilitate the removal from the United States of Cuban Nationals"; 2) generally cite a January 12, 2017 agreement between the two nations to "communicate . . . through diplomatic channels" regarding the repatriation of Cuban nationals in the United States, pursuant to which Cuba will "review, approve, or den[y]" requests to repatriate individuals in the "Mariel Exchange category" within sixty days of a request by the United States; and 3) aver that ICE sent the Cuban government a "diplomatic note" about Verde-Llanes on August 15, 2017, and that Cuba has requested additional information. Doc. No. 10 at 4-5; Doc. No. 10-2. No further information about repatriation to Cuba – generally, or as to Verde-Llanes – has been provided.[3]

---

[1] Verde-Llanes – a noncriminal alien who has resided in the United States for more than thirty-five years – was the subject of a final order of removal in October 1992. He did not appeal. He was not detained pursuant to that order until June 23, 2017. At the time of the respondent's motion, Verde-Llanes had been in custody more than four months; today marks the end of his fifth month in custody. According to Verde-Llanes, he has attempted to expedite his repatriation and has offered to arrange a voluntary removal. Doc. No. 1 at 3.

[2] Zadvydas itself does not plainly resolve this question, as the Court there both "conclude[d] that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized," and also "recognize[d] [six months as a] presumptively reasonable period of detention." 533 U.S. at 699-701 (citing two decisions adopting "similar presumptions in other contexts," one of which adopted a general presumption that the Court explicitly acknowledged was open to rebuttal in individual cases).

[3] It appears the sixty-day period cited by the respondent would have expired for Verde-Llanes on October 14, 2017.

Under the Local Rules, Verde-Llanes had fourteen days to oppose the motion to dismiss, LR 7.1(b)(2), making his opposition due on November 9, 2017. See Fed. Deposit Ins. Corp. v. Anchor Props., 13 F.3d 27, 31 (1st Cir. 1994) (noting pro se litigants must comply with applicable federal and local rules). To date, Verde-Llanes has made no filing opposing the motion or requesting an extension of time to oppose the motion.

In light of the foregoing, the Court hereby ORDERS as follows:

1) The respondent shall provide an updated status report **by the close of business on December 4, 2017**, describing: a) the current status of its efforts to remove Verde-Llanes, including whether the United States has provided the additional information Cuba requested, what (if any) response Cuba has provided to such information, and what other steps must be taken in order to remove Verde-Llanes; and b) the extent to which diplomatic relations and, specifically, repatriation efforts involving the United States and Cuba have changed in the ten months since the January 2017 agreement, including when the last removal of a Cuban national from the United States took place.

2) Verde-Llanes shall respond to the motion to dismiss **by December 4, 2017**. Should he fail to respond to the motion, he risks dismissal of his petition due to failure to prosecute and failure to obey this Order. Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45-46 (1st Cir. 2002).

        SO ORDERED.

        /s/ Leo T. Sorokin
        Leo T. Sorokin
        United States District Judge